IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JORDAN EASTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-1076-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Jordan Easter, a state prisoner confined in the Tarrant County jail, against Bill Waybourn, Sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

**I. BACKGROUND**

At the time this petition was filed, Petitioner was awaiting trial in Tarrant County, Texas, Case Nos. 1622539D and 1649308D, for stalking and burglary of a habitation. In this petition, Petitioner raises three grounds challenging his pretrial confinement. Am. Pet. 5–6, ECF No. 6. On March 4, 2021, the Tarrant County District Clerk's office provided certified documentation that, on February 9, 2021, Petitioner pleaded guilty in Case No. 1649308D and was sentenced to two years' imprisonment and Case No. 1622539D was dismissed on the state's motion.

**II. DISCUSSION**

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 under certain circumstances. *See* 28 U.S.C. § 2241(c); *Dickerson v.*

*Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, because Petitioner is no longer a pretrial detainee awaiting trial, the petition relating to his pretrial detention has been rendered moot. *See Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) (providing "[s]ince [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented"). *See also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that pretrial detainee's habeas-corpus application was rendered moot by his conviction).

### III.  CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as moot. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 5th day of March, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**